UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GLUTH BROS. CONSTRUCTION, INC., | ) | Case No.  07 B 71375 |
| | ) | |
| Debtor. | ) | |
| | ) | Honorable Manuel Barbosa |
| | ) | |
| CHARLES DIXON AND CHARLES GRABER JR., | ) | |
| NOT IN THEIR INDIVIDUAL CAPACITIES BUT | ) | |
| SOLELY AS TRUSTEE OF THE GLUTH BROS. | ) | |
| CONSTRUCTION, INC. CREDITOR TRUST, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Adv. No. 09-96131 |
| FRANK GLUTH, | ) | |
| | ) | |
| Defendant. | ) | |

## CITATION TO DISCOVER ASSETS TO JUDGMENT DEBTOR

TO:     Frank Gluth, 14211 Davis Avenue, Woodstock, Illinois 60098

**YOU ARE COMMANDED** to appear in **Courtroom 115** of U.S. Bankruptcy Court fo the Northern District of Illinois, **211 S. Court Street, Rockford, Illinois 61101**, on **November 24, 2010, at 10:30 a.m.** to be examined under oath to discover assets or income not exempt from the enforcement of the judgment.

Judgment was entered on September 14, 2010 for Charles Dixon and Charles Graber, Jr. not in their individual capacities, but solely as Trustees of the Gluth Bros. Construction, Inc. Creditor Trust and against Frank Gluth in the sum of **$2,593,970.70, plus post-judgment interest**.  There is now due the sum of **$2,593,970.70**

**YOU ARE COMMANDED** to produce all books, papers or records in your possession or control which may contain information concerning the property or income of the judgment debtor(s), or indebtedness due judgment debtor(s), including but not limited to all documents encompassed by attached Rider.

**YOU ARE PROHIBITED** from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which he may be entitled or which may be acquired by or become due to him, until further Order of Court or termination of the proceeding.  You are not required to withhold the payment of any money beyond double the amount of the judgment.

**WARNING:     YOUR FAILURE TO PRODUCE DOCUMENTS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.**

## CERTIFICATE OF ATTORNEY

Note:    This citation must be accompanied at the time of service by either a copy of the underlying judgment or a certification by either the clerk that entered the judgment or the attorney for the judgment creditor setting forth:

In the United States Bankruptcy Court for the Northern District of Illinois on September 14, 2010, a judgment in the amount of **$2,593,970.70** was entered in favor of Charles Dixon and Charles Graber, Jr. Not in their individual capacities, but solely as Trustees of the Gluth Bros. Construction, Inc. Creditor Trust in Case No. 09-A-96131 and a balance of **$2,593,970.70**, remains unsatisfied.  I, the undersigned, certify to the court, under penalties as provided by law, that all information stated herein is true.

Atty:  Neal Levin, John Shapiro, Brian Jackiw
Name:     FREEBORN & PETERS LLP
Address:    311 South Wacker Drive, Suite 3000
City/State/Zip:  Chicago, Illinois  60606
Phone:     (312) 360-6000

_____
(Signature of Attorney)

WITNESS:

_____
Deputy Clerk of the Bankruptcy Court

October 25, 2010

Citation to Discover Assets to Frank Gluth
**Charles Dixon and Charles Graber Jr., not in their individual capacities, but solely as Creditor Trustees of the Gluth Bros. Construction Trust v. Frank Gluth (In re Gluth Bros. Construction, Inc.).**
**Case No. 09-A-96131**

# RIDER

## DEFINITIONS

1.      The terms "Document" and "Documents" shall be construed as broadly as possible, and include, but are not limited to, any written, recorded, reported, electronic, digital, or graphic information, matter, material or tangible thing, whatsoever, in your possession, custody or control, however stored, produced, or reproduced, including any such electronically generated, received or stored data.  The terms "Document" and "Documents" thus mean, but are not limited to, every original (any copy of any original and any copy which differs in any way from any original, e.g., because handwritten or "blind" notes appear thereon or are attached thereto) of every writing and recording, computerized records, photographs, or other memorialization, of every kind or description, whether handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, magnetic, optical, electronic, or electrical means whatsoever, and shall include, by way of illustration only and not by way of limitation, notes, correspondence, communications of any nature, telegrams, memoranda, advertisements, books, records, analyses, notebooks, blueprints, maps, surveys, graphs, charts, plans, summaries or records or transcriptions of personal conversations or statements however made, business forms, labels, appointment books, diaries, routing slips, reports, publications, photographs, films, minutes and other formal or informal memoranda of meetings, transcripts or oral testimony or statements, reports and/or summaries of interviews, negotiations or investigations, agreements and contracts,

including all modifications and/or revisions thereof, papers and forms filed with courts or other governmental bodies, notices, messages, calendar entries, brochures, pamphlets, press releases, drafts, revisions of drafts and translations of any documents, tape recordings, audio recordings, video recordings, records and dictation belts to which you or your company now has or has had access to in the past. Any Document with any marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this Rider.

2.      "Judgment Debtor" refers to you, Frank Gluth.

3.      "Person" includes any individual, business, firm, joint venture, partnership, corporation, group, association or organization, and reference to any person throughout these requests includes such person's agent, officer, employer, employee, representative, contractor, sub-contractor, and attorney.

4.      "Relate to," "relates to" or "relating to" means constitute, relating to, refer to, reflect, mention, evidence, concern, pertain to, arise out of, summarize, analyze, or be logically or factually connected in any way with the matter discussed.

5.      "You" and "Your" refers to you and all persons acting on your behalf or under your control.

### INSTRUCTIONS

1. Whenever appropriate, the singular form includes the plural form, all references in the past tense also include the present and future tense and vice-versa. The term "and" as well as the term "or" should be construed disjunctively or conjunctively as necessary to bring within the

scope of these requests any information which might otherwise be construed to be outside their scope.

2. If you have knowledge of any document called for by these requests that was but is no longer in your possession or control, identify each such document and state the circumstances under which you lost possession or control of it. You also should immediately take steps to preserve all materials and documents that may be subject to the requests contained herein.

3. These requests are continuing in nature and you are directed to seasonably supplement any prior response to the extent new or additional information subsequently becomes known to you. In such event, you are requested to include in any supplementary response the date and manner in which the new or additional information became known.

4. If you withhold any documents or information on the ground that it is privileged or otherwise protected from disclosure, expressly state the exact legal basis for withholding it, state all facts that support your withholding, and provide a description of the nature of the documents, communications, or things not produced or disclosed. If a request calls only in part for the disclosure of privileged information, respond to the request to the full extent that such response would not be subject to the objection, provide such information as is not privileged, and provide the information requested in the first sentence of this paragraph as to the privileged information.

## DOCUMENTS TO BE PRODUCED

For the period January 1, 2005 to the present, unless otherwise noted, you are directed to produce the following documents:

1. All documents relating to any and all bank accounts or certificates of deposit, whether in the Judgment Debtor's name or the name of another person or entity, in which the Judgment Debtor has an interest or in which the Judgment Debtor has or has had access or

control, including, but not limited to, statements, applications, signature cards, checkbook registers, stubs, cancelled checks, and passbooks;

2.    All documents relating to any and all real estate owned by the Judgment Debtor or in which the Judgment Debtor has any ownership, managerial or beneficial interest, including, but not limited to, homesteads, trusts, rental properties, investment properties and farm properties, including the income derived therefrom;

3.    All documents relating to any and all leases in relation to any real property to which the Judgment Debtor is a party or in which the Judgment Debtor otherwise has an interest;

4.    All documents relating to any and all accounts of the Judgment Debtor with brokerage houses or other financial institutions holding trading accounts, money market funds, and investment/retirement accounts, including, but not limited to, statements, trading agreements, applications, transaction statements, confirmations or details;

5.    All documents relating to any and all stocks, bonds or other securities held by the Judgment Debtor, other than those held in the brokerage or financial institution account referenced in item 4 above, including, but not limited to, stock or membership interest in any business, corporation, limited liability company, partnership or other entity, whether public or private;

6.    All documents relating to any and all credit card accounts to which the Judgment Debtor has access, irrespective of whether the Judgment Debtor is a named party on the account or otherwise has use of any such credit card account, including, but not limited to, statements, applications, and transaction reports;

7.    All titles or copies of titles for any and all motor or other vehicles, as well as documents relating to any and all such vehicles (including automobiles, campers, trains, boats,

and aircraft) owned, leased and/or driven/operated by the Judgment Debtor, for the Judgment

Debtor's benefit, or in the Judgment Debtor's possession, including, but not limited to, title,

registration and related loan documents if financed;

8.    All documents relating to any and all works of art, paintings, antiques,

collectables, sculptures or furniture owned by the Judgment Debtor, for the Judgment Debtor's

benefit, or in the Judgment Debtor's possession, including, but not limited to, receipts from

purchase, titles, and appraisals;

9.    All insurance policies, including documents relating to any and all insurance

policies, held by the Judgment Debtor or for the Judgment Debtor's benefit, whether

homeowners, renters, auto, health, life, umbrella or other, including, but not limited to, policies,

applications, binders and any other document related thereto;

10.    All documents relating to any and all pledges, liens on or assignments of any

assets, real or personal property held by the Judgment Debtor or for the Judgment Debtor's

benefit;

11.    All documents relating to any and all schedules and evidence of all liabilities and

debts of the Judgment Debtor to any person or entity, including, but not limited to, loan

agreements, promissory notes, personal guaranties, and mortgages;

12.    Any and all documents relating to the Judgment Debtor's salary or other income,

bonus, commission or dividend earned, including, but not limited to, paychecks or stubs,

employment agreements, independent contractor agreement, social security or other

governmental social service benefit statements;

13. All documents relating to any and all of the Judgment Debtor's rights to collect any money now or in the future from any person or entity, including, but not limited to, promissory notes, grants, bequeaths, gifts, and dividends;

14. All Federal, State and local governmental agency income tax and other returns, including documents relating to any and all of such returns, including, but not limited to, all notices of any delinquency or overpayment of tax from any taxing agency;

15. All financial statements and applications for loans, prepared by the Judgment Debtor or prepared for the Judgment Debtor, including documents relating to any and all such financial statements and applications for loans, whether the application is for the Judgment Debtor as an intended borrower, guarantor or otherwise;

16. All other documents which indicate, reflect or relate to any assets owned, possessed or controlled by the Judgment Debtor, including, but not limited to, any assets for which the Judgment Debtor is the custodian, trustee, or of which the Judgment Debtor is otherwise in possession and control;

17. All documents relating to any and all contracts, agreements or other documents in relation to the sale or purchase by the Judgment Debtor of any assets, real or personal property;

18. All documents and schedules relating to any and all personal property belonging to the Judgment Debtor not identified above, including, but not limited to, jewelry, clothing (including furs) furnishings, electronics, household goods and equipment;

19. All documents relating to any profit sharing, stock option, pension plan or other agreements or plans related to the operation or ownership of any business held by the Judgment Debtor or for the Judgment Debtor's benefit;

20.    All documents relating to any and all businesses owned by the Judgment Debtor, including, but not limited to, all of the following in relation to any such business: corporate minute book, by-laws, shareholder agreements, operating agreements, partnership agreements, annual reports, minutes, resolutions or other organizational documents;

21.    All documents relating to any and all licenses, patents, trademarks or other intellectual property owned by the Judgment Debtor or in which the Judgment Debtor may have an interest;

22.    All documents relating to any and all safe deposit boxes held by the Judgment Debtor or for the Judgment Debtor's benefit, including, but not limited to, the location of the box and the location of the key;

23.    All documents relating to any and all trusts in which the Judgment Debtor is a, or the, grantor, grantee, trustee, or beneficiary, or in which the Judgment Debtor otherwise is a party or has an ownership, controlling or beneficial interest;

24.    All documents relating to any and all country club or other private club memberships, including, but not limited to, applications, charters, membership agreements and invoices for dues or other payments;

25.    All documents relating to any and all off-shore accounts, real property, or personal property located in any country other than the United States of America, or evidence of any distributions made to such off-shore accounts or investments in real property located in another country.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GLUTH BROS. CONSTRUCTION, INC., | ) | Case No.  07 B 71375 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | Honorable Manuel Barbosa |
| | ) | |
| CHARLES DIXON AND CHARLES | ) | |
| GRABER JR., NOT IN THEIR | ) | |
| INDIVIDUAL CAPACITIES BUT | ) | |
| SOLELY AS TRUSTEE OF THE GLUTH | ) | |
| BROS. CONSTRUCTION, INC. | ) | |
| CREDITOR TRUST, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Adv. No. 09-96131 |
| vs. | ) | |
| | ) | |
| FRANK GLUTH, | ) | |
| | ) | |
| Defendant. | | |

## CITATION NOTICE

**Judgment Debtor's last known address:**

| | |
|---|---|
| **Name** | Frank Gluth |
| **Address** | 14211 Davis Avenue |
| **City** | Woodstock, Illinois  60098 |
| **Phone** | |

**Judgment Creditor/Creditor's Attorney:**

| | |
|---|---|
| **Name** | Neal Levin, John Shapiro and Brian Jackiw, Freeborn & Peters, LLP |
| **Address** | 311 S. Wacker Drive, Suite 3000 |
| **City** | Chicago, Illinois 60606 |
| **Phone** | 312/360-6000 |

Judgment was entered on September 14, 2010 and an award of attorneys fees and costs was entered on September 14, 2010 in favor of Charles Dixon and Charles Graber, Jr., not in their individual capacities but solely as Trustees of the Gluth Bros. Construction, Inc. and against Frank Gluth.  The total amount of the Judgment is now $2,593,970.70, plus post-judgment interest, and the entire amount remains due and owing.

Name of persons receiving citation: Frank Gluth and Hank Fleming

Court Date and Time: November 24, 2010 at 10:30 a.m., 211 S. Court Street, Rockford, Illinois 61101.

NOTICE: The court has issued citations against the persons named above. The citations direct those persons to appear in court to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest. The citations were issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above. On or after the court date shown above, the court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied to the judgment. The JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

(1) Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor, including money in a bank account.
(2) Social Security and SSI benefits;
(3) Public assistance benefits;
(4) Unemployment compensation benefits;
(5) Worker's compensation benefits;
(6) Veteran's benefits;
(7) Circuit breaker property tax relief benefits;
(8) The debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle;
(9) The debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor;
(10) Under Illinois law every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.
(11) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage.
(12) Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.
(13) Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

**THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH.** The judgment-debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at office of the Clerk of the Bankruptcy Court, 211 S. Court Street, Rockford, Illinois 61101. When so notified, the Clerk of the Court will provide a hearing date and the necessary forms that must be prepared by the judgment debtor or the judgment debtor's attorney and sent to the judgment creditor regarding the time and location of the hearing.

This notice may be sent to the judgment-creditor by regular first class mail.

Attorneys for Judgment Creditor:
Neal H. Levin, John T. Shapiro and Brian J. Jackiw
FREEBORN & PETERS LLP
311 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 360-6000